IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JEROME LEE CROSS,**<br><br>      Petitioner,<br><br>  **v.**<br><br><br>**DAVE ROBINSON,**<br><br>      Respondent. | Case No. 1:14-cv-00863 MJS (HC)<br><br>**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS**<br><br>**[Doc. 8]** |

Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent, Kings County Sheriff, is hereby substituted as the proper named respondent pursuant to Rule 25(d) of the Federal Rules of Civil Procedure. Respondent is represented in this action by Brian G. Smiley, of the Office of the Attorney General for the State of California. Both parties have consented to Magistrate Judge jurisdiction under 28 U.S.C. § 636(c). (ECF Nos. 6-7.)

I. **BACKGROUND**

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Kings.  On Paril 17, 2009, Petitioner was found guilty by a jury of one count of making threats with the intent to cause fear and two counts of making criminal threats. The jury found true allegations

that Petitioner suffered three prior convictions for which he served prison terms and failed to remain free of custody for five years after the prison terms concluded. Petitioner was sentenced to a determinate state prison term of five years and eight months. (Lodged Doc. 1.)

On March 2, 2010, the California Court of Appeal, Fifth Appellate District, modified the sentence to stay imposition of the sentence on count three pursuant to Penal Code section 654. As modified, the judgment was affirmed. (Lodged Doc. 1.) Petitioner did not seek review in the California Supreme Court. On June 24, 2010, the Kings County Superior Court amended the abstract of judgment as directed by the Court of Appeal. (Lodged Doc. 2.) Petitioner did not appeal the resentence.

Petitioner proceeded to file four collateral appeals to his conviction in state court. (See Lodged Docs. 3-10.) The petitions were filed as follows:

1.    Kings County Superior Court
Filed: April 13, 2009[1];
Denied: June 12, 2009;

2.    California Court of Appeal, Fifth Appellate District
Filed: April 23, 2009[2];
Denied: June 3, 2009;

3.    California Supreme Court
Filed: June 1, 2010[3];
Denied: February 16, 2011;

4.    Kings County Superior Court
Filed: December 21, 2011[4];

---

[1] Under the mailbox rule, the Court deems petitions filed on the date Petitioner handed a petition to prison authorities for mailing. Houston v. Lack, 487 U.S. 266, 276, 108 S.Ct. 2379, 2385, 101 L. Ed. 2d 245 (1988); Hernandez v. Spearman, 2014 U.S. App. LEXIS 16252 (9th Cir. Aug. 22, 2014); see also Rule 3(d) of the Rules Governing Section 2254 Cases. Here, Petitioner signed the petition on April 13, 2009. Accordingly, the Court shall consider the petition filed on that date, rather than April 15, 2009, the date it was received.

[2] Petitioner signed the petition on April 23, 2009. Accordingly, the Court shall consider the petition filed on that date, rather than April 29, 2009, the date it was received.

[3] Petitioner signed the petition on June 1, 2010. Accordingly, the Court shall consider the petition filed on that date, rather than June 12, 2010, the date it was received.

[4] Petitioner signed the petition on December 21, 2011. Accordingly, the Court shall consider the petition filed on that date, rather than December 27, 2011, the date it was received.

(continued…)

Denied: February 14, 2012.

(Lodged Docs. 3-10.)

Petitioner filed the instant federal habeas petition on June 1, 2014.[5] (Pet.) On August 8, 2014, Respondent filed a Motion to Dismiss the petition on the grounds that it was filed outside the one-year limitations period prescribed by 28 U.S.C. § 2244(d) and that Petitioner had failed to exhaust his state remedies. (Mot. to Dismiss, ECF No. 8.) Petitioner filed an opposition to the motion to dismiss on August 20, 2014. (ECF No. 10.) Respondent filed a reply on August 27, 2014. (ECF No. 11.)

## II.   DISCUSSION

### A.   Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n. 12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion.  See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on a violation of the one-

_____

(…continued)

[5] Petitioner signed the petition on June 1, 2014. Accordingly, the Court shall consider the petition filed on that date, rather than June 6, 2014, the date it was received.

year limitations period. 28 U.S.C. § 2244(d)(1). Because Respondent's motion to dismiss is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal answer, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

**B.     Commencement of Limitations Period Under 28 U.S.C. § 2244(d)(1)(A)**

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA").  AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997).

In this case, the petition was filed on April 10, 2014, and is subject to the provisions of AEDPA. AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, § 2244, subdivision (d) reads:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation

4

under this subsection.

28 U.S.C. § 2244(d).

Under § 2244(d)(1)(A), the limitations period begins running on the date that the petitioner's direct review became final or the date of the expiration of the time for seeking such review. On March 2, 2010, the California Court of Appeal, Fifth Appellate District, modified the sentence to stay imposition of the sentence on count three pursuant to Penal Code section 654. As modified, the judgment was affirmed. (Lodged Doc. 1.) Petitioner did not seek review in the California Supreme Court. On June 24, 2010, the Kings County Superior Court amended the abstract of judgment as directed by the Court of Appeal. (Lodged Doc. 2.) Petitioner did not appeal the resentence. Consequently, Petitioner's conviction became final sixty days after he was resentenced when the time for filing a direct appeal expired, or August 23, 2010. Cal. Rules of Court 8.308(a); Stancle v. Clay, 692 F.3d 948, 951 (9th Cir. 2012). The AEDPA statute of limitations began to run the following day, on August 24, 2010. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).

Petitioner would have one year from August 24, 2010, absent applicable tolling, in which to file his federal petition for writ of habeas corpus. However, Petitioner delayed in filing the instant petition until June 1, 2014, almost three years after the statute of limitations period expired. Absent the later commencement of the statute of limitations or any applicable tolling, the instant petition is barred as untimely.

C.    **Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)**

28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court

1  system. 536 U.S. 214, 216 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th

2  Cir. 1999). Nevertheless, state petitions will only toll the one-year statute of limitations

3  under § 2244(d)(2) if the state court explicitly states that the post-conviction petition was

4  timely or was filed within a reasonable time under state law. Pace v. DiGuglielmo, 544

5  U.S. 408 (2005); Evans v. Chavis, 546 U.S. 189 (2006). Claims denied as untimely or

6  determined by the federal courts to have been untimely in state court will not satisfy the

7  requirements for statutory tolling. Id.

8      According to the state court records provided by Respondent, Petitioner filed his

9  first and second petitions for writ of habeas corpus prior to the commencement of the

10  limitations period. A collateral action filed prior to the effective date of the statute of

11  limitations has no tolling consequence. Waldrip v. Hall, 548 F.3d 729, 735 (9th Cir. 2008)

12  (Although the filing of a state habeas petition "would otherwise have tolled the running of

13  the federal limitations period, since it was denied before that period had started to run, it

14  had no effect on the timeliness of the ultimate federal filing."). Accordingly, Petitioner is

15  not entitled to tolling of the statute of limitations with respect to his first and second

16  petitions. Likewise, Petitioner's third petition for relief was already pending prior to the

17  commencement of the limitations period. Petitioner is only entitled to tolling for the period

18  that the third petition was tolling after the commencement of the limitations period.

19  Therefore, the limitations period commenced on August 23, 2010 and Petitioner was

20  entitled to tolling until his third petition was denied on February 16, 2011.  As such, the

21  entire year limitations period remained as of February 16, 2011.

22      Petitioner next filed his fourth habeas petition with the Kern County Superior Court

23  on December 21, 2011. Respondent contends that the petition did not toll the running of

24  the limitations period during the interval between petitions. Respondent asserts that

25  Petitioner was not pursuing his application up the ladder of the state court system.

26  Review is "pending" within the meaning of § 2244(d)(2) only where a prisoner is pursuing

27  a single, full round of habeas relief in state court; thus, no review is "pending" where a

28  prisoner files a second petition in a court which raises new claims and does not

1   constitute merely an elaboration of the facts relating to the claims in a prior petition or an

2   attempt to correct the prior petition's deficiencies. Stancle v. Clay, 692 F.3d 948, 951,

3   954-56 (9th Cir. 2012); Banjo v. Ayers, 614 F.3d 964, 968-69 (9th Cir. 2010). After

4   seeking review from the California Supreme Court in his third petition, Petitioner filed his

5   fourth action in the Kings County Superior Court. Accordingly, Petitioner was not

6   ascending up the state court hierarchy. Biggs v. Duncan, 339 F.3d 1045, 1048 (9th Cir.

7   2003). Petitioner is not entitled to the benefit of tolling for the interval period.

8      Furthermore, Petitioner delayed 308 days from the denial of his third petition to

9   the filing of his fourth habeas petition. Unexplained delays of such duration are

10   unreasonable, and not entitled to statutory tolling. See Velasquez v. Kirkland, 639 F.3d

11   964 (9th Cir. 2011) (unexplained eighty and ninety-one day delays in filing are

12   unreasonable under California law and prevent tolling of AEDPA's one year statute of

13   limitations.).

14      Precisely 308 days of the limitations period passed between February 16, 2011

15   (the denial of the third petition) and December 21, 2011 (the date of filing of the fourth

16   habeas petition). Respondent does not dispute that Petitioner is entitled to tolling with

17   regard to the time the fourth state petition was pending. Therefore Petitioner is entitled to

18   tolling from December 21, 2011, to February 14, 2012. As 308 days of the limitation

19   period passed before the petition was filed, 57 days of the limitations period remained

20   when the fourth petition was denied on February 14, 2012. The limitations period expired

21   57 days later on April 11, 2012.

22      The present petition was filed on June 1, 2014, over two years after the expiration

23   of the year statute of limitations period. The instant federal petition is untimely.

24      **D.    Equitable Tolling**

25      The limitations period is subject to equitable tolling if the petitioner demonstrates:

26   "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary

27   circumstance stood in his way." Holland v. Florida, 130 S. Ct. 2549, 2560-62 (2010);

28   quoting Pace v. DiGuglielmo. Petitioner bears the burden of alleging facts that would

1   give rise to tolling. Pace, 544 U.S. at 418; Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th

2   Cir. 1993). In his petition, Petitioner claims he is entitled to an equitable exception to the

3   limitations period based on his actual innocence.

4          On May 28, 2013, the Supreme Court held that a federal court may entertain an

5   untimely claim of actual innocence. McQuiggin v. Perkins, 133 S. Ct. 1924, 185 L. Ed. 2d

6   1019, 2013 WL 2300806 (May 28, 2013). To proceed on an untimely claim of actual

7   innocence, a petitioner "'must show that it is more likely than not that no reasonable juror

8   would have convicted him in the light of the new evidence.'" 133 S. Ct. 1924, [WL] at *11

9   (quoting Schlup v. Delo, 513 U.S. 298, 327 (1995)). "[T]he emphasis on 'actual

10  innocence' allows the reviewing tribunal also to consider the probative force of relevant

11  evidence that was either excluded or unavailable at trial." Schlup, 513 U.S. at 327. "The

12  gateway should open only when a petition presents 'evidence of innocence so strong

13  that a court cannot have confidence in the outcome of the trial unless the court is also

14  satisfied that the trial was free of nonharmless constitutional error.'" McQuiggin, 133 S.

15  Ct. 1924, [WL] at *12 (quoting Schlup, 513 U.S. at 316.) "Unexplained delay in

16  presenting new evidence bears on the determination whether the petitioner has made

17  the requisite showing." 133 S. Ct. 1924, [WL] at 11.

18         Petitioner presents in a cursory way arguments that he is factually innocent of the

19  crimes relating to the underlying conviction. He states that his trial was unfair, that he

20  was 'railroaded,' and that the court should 'unveil the undue shackles of a crime I did not

21  commit.' (Pet. at 5.)  Such claims, without more, do not undermine the finding of the jury.

22  Petitioner has not presented the Court with any new evidence that denigrates the factual

23  underpinnings of the offenses committed. Petitioner has not made a strong showing that

24  he is factually innocent or that that no reasonable juror would have convicted him in the

25  light of the new evidence. Petitioner's actual innocence claim is without merit and the

26  petition for writ of habeas corpus must be dismissed as untimely.

27  **III.   FAILURE TO EXHAUST STATE REMEDIES**

28         In his motion to dismiss, Respondent also argues that the petition should be

8

1    dismissed for failure to exhaust state remedies. As the petition is untimely, the Court

2    need not address whether the claims are exhausted.

3    **IV.    CONCLUSION**

4          As explained above, Petitioner failed to file the instant petition for Habeas Corpus

5    within the one year limitation period required by 28 U.S.C. § 2244(d). Petitioner was

6    given the benefit of statutory tolling but not entitled to equitable tolling. Regardless, the

7    petition remains untimely filed. Based on the foregoing, the Court grants Respondent's

8    motion to dismiss.

9    **V.    ORDER**

10         Accordingly, IT IS HEREBY ORDERED that:

11         1.    Respondent's Motion to Dismiss (Doc. 8) is GRANTED;

12         2.    The Petition for Writ of Habeas Corpus is DISMISSED with prejudice as

13               untimely; and

14         3.    The Court DECLINES to issue a Certificate of Appealability.  28 U.S.C. §

15               2253(c); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (in order to obtain a

16               COA, petitioner must show: (1) that jurists of reason would find it debatable

17               whether the petition stated a valid claim of a denial of a constitutional right;

18               and (2) that jurists of reason would find it debatable whether the district

19               court was correct in its procedural ruling. Slack, 529 U.S. 484. In the

20               present case, jurists of reason would not find debatable whether the

21               petition was properly dismissed with prejudice as time-barred under 28

22               U.S.C. § 2244(d)(1). Petitioner has not made the required substantial

23               showing of the denial of a constitutional right.

24

25    IT IS SO ORDERED.

26    Dated:    August 31, 2014          /s/ Michael J. Seng

27                                       UNITED STATES MAGISTRATE JUDGE

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28