1
2
3
4
5
6
7
8                        IN THE UNITED STATES DISTRICT COURT
9                        FOR THE EASTERN DISTRICT OF CALIFORNIA
10
11

12  **JEROME LEE CROSS,**                    Case No. 1:14-cv-00863 MJS (HC)

13                            Petitioner,    **ORDER DENYING MOTION FOR RECONSIDERATION**

14              **v.**                       **[Doc. 14]**

15

16  **DAVE ROBINSON,**

17                            Respondent.

18

19

20          Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas

21  corpus pursuant to 28 U.S.C. § 2254. Both parties have consented to Magistrate Judge

22  jurisdiction under 28 U.S.C. § 636(c). (ECF Nos. 6-7.)

23          On September 2, 2014, the undersigned dismissed the petition as untimely under

24  28 U.S.C. § 2244(d). On September 12, 2014, Petitioner filed a motion for

25  reconsideration pursuant to Federal Rules of Civil Procedure § 59(e) and 60(b).

26  **I.      LEGAL STANDARDS**

27          A motion for reconsideration is treated as a motion to alter or amend judgment

28  under Fed. R. Civ. P. 59(e) if it is filed within the time limit set by Rule 59(e). <u>United</u>

1   States v. Nutri-cology, Inc., 982 F.2d 394, 397 (9th Cir. 1992). Otherwise, it is treated as

2   a motion pursuant to Fed. R. Civ. P. 60(b) for relief from a judgment or order. American

3   Ironworks & Erectors, Inc. v. North American Const. Corp., 248 F.3d 892, 898-99 (9th

4   Cir. 2001). A motion to alter or amend a judgment pursuant to Fed. R. Civ. P. 59(e)

5   "must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P.

6   59(e).

7   **A.    Relief Pursuant to Fed. R. Civ. P. 59(e)**

8   Relief pursuant to Fed. R. Civ. P. 59(e) is appropriate when the district court is

9   presented with newly discovered evidence, the district court committed clear error, or a

10  change in controlling law intervenes. Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS,

11  Inc., 5 F.3d 1255, 1262 (9th Cir. 1993). To avoid being frivolous, such a motion must

12  provide a valid ground for reconsideration. See, MGIC Indem. Corp. v. Weisman, 803

13  F.2d 500, 505 (9th Cir. 1986).

14  **B.    Relief Pursuant to Fed. R. Civ. P. 60**

15  Federal Rule of Civil Procedure 60(b) governs reconsideration of final orders of

16  the district court. The rule permits a district court to relieve a party from a final order or

17  judgment on grounds including but not limited to (1) mistake, inadvertence, surprise, or

18  excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or

19  misconduct by an opposing party; or (4) any other reason justifying relief from the

20  operation of the judgment. Fed. R. Civ. P. 60(b). The motion for reconsideration must be

21  made within a reasonable time, and in some instances, within one year after entry of the

22  order. Fed. R. Civ. P. 60(c).

23  Rule 60(b) generally applies to habeas corpus proceedings. See, Gonzalez v.

24  Crosby, 545 U.S. 524, 530-36, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005). Although the

25  Court has discretion to reconsider and vacate a prior order, Barber v. Hawaii, 42 F.3d

26  1185, 1198 (9th Cir. 1994), motions for reconsideration are disfavored. A party seeking

27  reconsideration must show more than a disagreement with the Court's decision and offer

28  more than a restatement of the cases and arguments considered by the Court before

2

1    rendering the original decision. <u>United States v. Westlands Water Dist.</u>, 134 F.Supp.2d

2    1111, 1131 (E.D.Cal. 2001).

3        When a motion has been granted or denied in whole or in part, and a motion for

4    reconsideration is made based on the same or any alleged different set of facts, counsel

5    must set forth the material facts and circumstances surrounding each motion for which

6    reconsideration is sought, including information concerning the previous judge and

7    decision, the new or different facts or circumstances that are claimed to exist which were

8    not present when the prior motion was filed, any other grounds for the motion, and why

9    the facts or circumstances were not shown at the time of the prior motion. <u>See</u> Local

10   Rule 230(j).

11   **II.**    **<u>DISCUSSION</u>**

12       In his motion for reconsideration, Petitioner presents several arguments. He

13   asserts that his petition is timely in light of recent retroactive Supreme Court decisions.

14   (Mot. at 2.)  Further, Petitioner argues that he was unaware of the factual predicate of his

15   ineffective assistance of counsel claim until he received a recent newspaper article

16   explaining that other cases were being re-opened in light of his counsel's deficient

17   performance due to substance abuse. (<u>Id.</u>) Finally, Petitioner argues that he was not

18   legally trained and not aware of his rights to appeal his conviction. (<u>Id.</u> at 3.) These

19   claims shall be addressed in turn.

20       **A.**    **Later Commencement of Limitations Period Under 28 U.S.C. §**

21               **2244(d)(1)(C)**

22       Petitioner contends that he is entitled to a later commencement date based on

23   recent retroactive Supreme Court decisions regarding the shackling of defendants.

24   Under 28 U.S.C. § 2244(d)(1)(C), the  commencement of the limitations period can be

25   extended to the date on which a constitutional right is recognized, and made

26   retroactively applicable by the Supreme Court to cases on collateral review. However,

27   Petitioner does not provide the names or citations of any such new cases. As

28   Respondent notes, the last Supreme Court to discuss shackling defendants was decided

in 2005, and allowed shackling in certain circumstances.  See Deck v. Missouri, 544 U.S. 622, 633 (2005). As the Court is unaware of any new Supreme Court precedent, Petitioner is not entitled to a later date for the running of the statute of limitations under 28 U.S.C. § 2244(d)(1)(C).

**B.     Later Commencement of Limitations Period Under 28 U.S.C. § 2244(d)(1)(D)**

28 U.S.C. § 2244(d)(1)(D) states that the limitations period shall run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." The objective standard in determining when time begins to run under Section 2244(d)(1)(D) is "when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance." Hasan v. Galaza, 254 F.3d 1150 (9th Cir. 2001), (quoting Owens v. Boyd, 235 F.3d 356, 359 (7th Cir. 2000)). "Section 2244(d)(1)(D) does not demand the maximum diligence possible, but only 'due' or 'reasonable' diligence." Souliotes v. Evans, 622 F.3d 1173, 1178 (9th Cir. 2010) (reversed on other grounds); see also Holland v. Florida, 130 S. Ct. 2549, 2565, 177 L. Ed. 2d 130 (2010).

Petitioner asserts in his motion for reconsideration that he is entitled to tolling based on newly discovered evidence. Specifically, he contends that he filed his claim for ineffective assistance of counsel based on recent reports in the newspaper of his trial counsel's substance abuse issues. (Mot. at 2-3.) Respondent contends that the newspaper article only provided additional evidence of the claim. Respondent does not state when he believes he could have discovered the factual predicate of the claim through the exercise of due diligence.

It is possible that Petitioner, through outward manifestations of counsel's conduct, would have been aware that his counsel was impaired at the time of trial. However, that is not necessarily the case. If not, then the Court must determine when it would have been reasonable for Petitioner to discover the factual basis of the claim through reasonable diligence. Neither Petitioner nor Respondent have provided any information

1  to the Court regarding when news or other public reporting of counsel's conduct was first
2  made, and if Petitioner, who was incarcerated during this entire period, could have
3  obtained the information with reasonable diligence. Petitioner has provided no factual
4  information regarding his efforts to discover this claim. Without more Petitioner has not
5  met his burden for showing that the statute of limitations should commence at a later
6  date under  28 U.S.C. § 2244(d)(1)(D).

7      In abundance of caution, the Court provides Petitioner the opportunity to provide
8  additional information regarding when he discovered the claim and the efforts he
9  undertook to discover the facts underlying the claim. Petitioner's additional briefing is
10  due within thirty (30) days of service of this order.

11      **C.    Ignorance of the Law**

12      In his final ground for reconsideration, Petitioner claims he should be entitled to
13  equitable tolling because he is uneducated and does not have knowledge of the law.
14  This claim for equitable tolling must fail. Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th
15  Cir. 2006) (lack of legal sophistication is not an extraordinary circumstance warranting
16  equitable tolling); Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999) (inmate's lack of
17  legal training, a poor education, or illiteracy does not give a court reason to toll the
18  limitations period); Shoemate v. Norris, 390 F.3d 595, 598 (8th Cir. 2004); Marsh v.
19  Soares, 223 F.3d 1217, 1220 (10th Cir. 2000). Petitioner's circumstances are no
20  different than the majority of incarcerated prisoners attempting to file petitions for writ of
21  habeas corpus. Accordingly, his ignorance of the law is not an extraordinary
22  circumstance entitling Petitioner to equitable tolling.

23  **III.   CONCLUSION**

24      Petitioner's motion for reconsideration is DENIED with respect to his first and third
25  claims based on Supreme Court caselaw and ignorance of the law. Petitioner shall be
26  provided an opportunity to provide additional briefing with regard to the date that the
27  statute of limitations for Petitioner's ineffective assistance of counsel claim should
28  commence under 28 U.S.C. § 2244(d)(1)(D). Petitioner is ordered to file any additional

briefing within thirty (30) days of service of this order. Respondent may file an opposition to the additional briefing within fourteen (14) days of service of Petitioner's filing.

IT IS SO ORDERED.

Dated:    October 30, 2014            /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE