IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JEROME LEE CROSS,**<br><br>Petitioner,<br><br>v.<br><br>**DAVE ROBINSON,**<br><br>Respondent. | Case No. 1:14-cv-00863 MJS (HC)<br><br>**ORDER DISMISSING CLAIM ONE OF THE PETITION FOR FAILURE TO EXHAUST STATE REMEDIES** |

Petitioner is a state prisoner proceeding pro se with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. The parties have consented to Magistrate Judge jurisdiction. (ECF Nos. 6-7.)

**I.      BACKGROUND**

On September 2, 2014, the undersigned dismissed the petition as untimely under 28 U.S.C. § 2244(d). On September 12, 2014, Petitioner filed a motion for reconsideration pursuant to Federal Rules of Civil Procedure § 59(e) and 60(b). (ECF No. 14.) In his motion for reconsideration, Petitioner presented several arguments. The Court denied all the of the arguments set forth in the motion for reconsideration but for his claim that he was unaware of the factual predicate of his ineffective assistance of counsel claim until he received a recent newspaper article explaining that other cases

1

1 were being re-opened in light of his counsel's deficient performance due to substance
2 abuse. (Id.)

3     28 U.S.C. § 2244(d)(1)(D) states that the limitations period shall run from "the
4 date on which the factual predicate of the claim or claims presented could have been
5 discovered through the exercise of due diligence." Petitioner asserted in his motion for
6 reconsideration that he is entitled to tolling based on newly discovered evidence.
7 Specifically, he contended that he filed his claim for ineffective assistance of counsel
8 based on recent reports in the newspaper of his trial counsel's substance abuse issues.
9 (Mot. at 2-3.) As neither Petitioner nor Respondent had provided any information to the
10 Court regarding when news or other public reporting of counsel's conduct was first
11 made, and if Petitioner, who was incarcerated during this entire period, could have
12 obtained the information earlier with reasonable diligence, the Court found that Petitioner
13 had not met his burden for showing that the statute of limitations should commence at a
14 later date under 28 U.S.C. § 2244(d)(1)(D). However, in an abundance of caution, the
15 Court provided Petitioner the opportunity to provide additional information regarding
16 when he discovered the claim. Petitioner filed additional briefing on November 10, 2014,
17 and Respondent filed a response on December 8, 2014.

18     In his response, Respondent withdrew the motion to dismiss Petitioner's first
19 claim for ineffective assistance of counsel to the extent that the motion argues that the
20 claim was untimely, and instead argues that the claim should be dismissed for the other
21 reason set forth in the motion to dismiss, namely, that the claim had not been properly
22 exhausted in state court. (ECF No. 20.)

23     The Court agrees with Respondent that claims two through four of the Petition
24 remain untimely and the request for additional information regarding ineffective
25 assistance of counsel only applied to re-examine the findings relating to that claim. The
26 Ninth Circuit has made clear that the timeliness of claims alleged in a Section 2254
27 petition must be ascertained on a claim-by-claim basis. See Mardesich v. Cate, 668 F.3d
28 1164, 1171 (9th Cir. 2012) ("we hold that AEDPA's one-year statute of limitations in §

2244(d)(1) applies to each claim in a habeas application on an individual basis"); Souliotes v. Evans, 622 F.3d 1173, 1180 (9th Cir. 2010) (holding that Section 2244(d)(1) "requires consideration of the appropriate triggering date for each claim presented" in a habeas petition), vacated on other grounds, 654 F.3d 902 (2011). The other claims of the petition remain untimely.

While the Court has not resolved the issue of whether Petitioner's claim of ineffective assistance of counsel is timely, Respondent presented an alternative ground for dismissing the claim based on Petitioner's failure to exhaust his state remedies with respect to this claim. In an exercise of judicial economy, the Court shall review whether the claim is properly exhausted rather than address whether the claim was timely.

**II.     EXHAUSTION**

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir. 2000), amended, 247 F.3d 904 (2001). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are

to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident,"* Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
>
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons, 232 F.3d at 668-669 (italics added).

In his motion to dismiss, Respondent argues that Petitioner only presented one filing with the California Supreme Court. (Lodged Doc. 7.) The petition filed with the California Supreme Court does not contain the ineffective assistance of counsel claim, and was filed on July 12, 2010, prior to the time Petitioner claims that he discovered the factual basis of the claim. Petitioner has not presented any evidence rebutting Respondent's assertion that the claim was not exhausted in state court. As Petitioner has not exhausted the first claim in the instant petition with the California Supreme Court, the claim must be dismissed without prejudice.

## **ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's Motion for Reconsideration is GRANTED in part and DENIED in part;

2. Claims two through four of the petition remain untimely;

4

3. The Court hereby withdraws its finding that claim one was untimely, but DISMISSES claim one without prejudice for failure to exhaust state remedies.[1]

IT IS SO ORDERED.

Dated:   December 11, 2014            /s/ *Michael J. Seng*
                                     UNITED STATES MAGISTRATE JUDGE

---

[1] A dismissal for failure to exhaust is not a dismissal on the merits, and Petitioner will not be barred from returning to federal court after Petitioner exhausts available state remedies by 28 U.S.C. § 2244 (b)'s prohibition on filing second petitions.  See In re Turner, 101 F.3d 1323 (9th Cir. 1996).